IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:09CR366-HEH |
| | ) | |
| JERMAINE KEITH WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
### (Denying Defendant's Motion to Dismiss the Indictment)

This matter is before the Court on Defendant's Motion to Dismiss the Indictment (Dk. No. 60), filed on June 11, 2010. In this Motion, Defendant Jermaine Keith Walker alleges speedy trial and discovery violations by the United States. The parties have filed memoranda of law in support of their respective positions, and the Court will dispense with oral argument because the facts are adequately presented in the materials before the Court, and argument will not aid in the decisional process. For the reasons stated herein, the Defendant's Motion will be denied.

### I. BACKGROUND

On October 19, 2009, Jermaine Keith Walker ("Walker") was named in a four-count Indictment alleging that he engaged in and devised a scheme to defraud and obtain money and property. Walker made his initial appearance on October 21, 2009, before Magistrate Judge M. Hannah Lauck. On October 28, 2009, Walker was arraigned by Judge Robert E. Payne, and a jury trial was set for December 4, 2009. Also on this date,

the Court entered an Agreed Discovery Order that required the United States within two weeks to provide Walker with access to all "books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the United States, and which are material to the preparation of the defendant's defense or are intended for use by the United States as evidence in chief at trial." Agreed Discovery Order ¶ 3, Dk. No. 11 (Oct. 28, 2009).

On November 6, 2009, after the production of voluminous discovery, Walker filed a Motion to Continue the Trial Date based on the complexity of the case and the large amount of documents requiring review. The motion was granted the same day and the trial was continued to February 22, 2010. In the Court's Order, Judge Richard L. Williams relied on 18 U.S.C. § 3161(h)(8) and specifically articulated that the "ends of justice served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial because the failure to grant such a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation given the complexity of this matter." Order Granting Mot. for Continuance (November 6, 2009).

On January 5, 2010, on the joint oral motion of both parties, another continuance was granted, rescheduling the trial date to March 30, 2010. In the Order granting this second continuance, Judge Richard L. Williams relied on 18 U.S.C. § 3161(h)(7) to find that "the ends of justice served by granting such continuance outweigh the best interests

of the public and the defendant in a speedy trial because the failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation given the complexity of this matter." Order Granting Oral Mot. for Continuance (January 5, 2010).

On January 25, 2010, this case was reassigned to the Honorable Henry E. Hudson. The original Indictment was then superseded on February 2, 2010, adding two additional counts. Based on this Superseding Indictment, on February 9, 2010, Walker made a Motion for Continuance Beyond the Speedy Trial Act Cut-Off Date, citing 18 U.S.C. § 3161(h)(8)(A), and the need for additional time to prepare the case for trial. As a result, Walker's Motion was orally granted and the case was continued to April 20, 2010.

Approximately a month thereafter, on March 8, 2010, Walker filed a Notice Under Federal Rule of Criminal Procedure 12.2(b), informing the United States that he planned to offer expert testimony at trial that due to his mental condition he was unable to form the specific intent required to commit the crimes as charged in the Superseding Indictment. In response, the United States filed a Motion for Discovery and Mental Examination Relating to Defendant's Notice of Defense Under Rule 12.2(b), on March 11, 2010. Subsequently, on April 5, 2010, the United States' Motion for Mental Examination was granted and the trial was rescheduled for June 14-16, 2010.

On May 5, 2010, Walker was ultimately charged in an eight-count Second Superseding Indictment. Based on the need for additional time to properly prepare the

case for trial and the ends of justice being served, on May 14, 2010, Walker made another Motion for Continuance of Trial Beyond the Speedy Trial Act Cut-Off Date, pursuant to 18 U.S.C. § 3161(h)(7)(A).[1] The Court rescheduled Walker's trial to August 23-25, 2010. This Motion to Dismiss Indictment followed on June 11, 2010.

In the Second Superseding Indictment, Walker is charged with wire fraud in violation of 18 U.S.C. § 1343 (Counts One and Six), engaging in unlawful monetary transactions in violation of 18 U.S.C. § 1957 (Counts Two through Five), and bank fraud and attempted bank fraud, in violation of U.S.C. § 1344(1) and (2) (Counts Seven and Eight). Within this Second Superseding Indictment, the United States alleges that Walker was involved in two separate and distinct fraudulent schemes.

In the first scheme, which occurred in the fall of 2008, Walker allegedly defrauded a victim out of $350,000 advanced to Walker to secure a loan. Instead of maintaining the money in his company escrow account as collateral for the loan, as allegedly promised by Walker, he used the funds for personal expenses, including the purchase of four cars (Corvette, Hummer, and two BMWs), a 1.5 carat diamond ring, one pair of 1.5 carat diamond earrings, one 10 carat bracelet, one 2 carat bridal ring set, two nights and other expenses at Trump International Hotel & Tower, and approximately nineteen (19) compact discs. Counts One through Five of the Second Superseding Indictment relate to these transactions.

---

[1] Citing UCC §§ 1-102, 1-103, and 8-402, Walker signed this Motion "under protest."

The other facet of the Second Superseding Indictment charges Walker with attempting to defraud SunTrust Bank in May 2009. On two separate occasions, Walker allegedly executed false affidavits claiming that purchases using his company's credit card were unauthorized. Within these affidavits, Walker purportedly claimed that an unknown individual gained access to his account and improperly made purchases without his knowledge or consent. These allegations form the basis of the Bank Fraud charges in Counts Seven and Eight of the Second Superseding Indictment.

During the same period in May 2009, Walker also allegedly defrauded another victim out of a $10,000 fee for arranging to provide a $100,000 security bond. According to documents prepared by Walker, the bond was secured by the $100,000 that he obtained in the fraudulent transaction charged in Count One. However, the Indictment alleges that the bond promised by Walker never materialized. This last transaction is charged in Count Six of the Second Superseding Indictment.

## II. ANALYSIS

A. <u>Speedy Trial</u>

The Speedy Trial Act generally requires, upon a plea of not guilty, that a federal criminal trial must begin within seventy days after the defendant is charged or appears in court, whichever is later. 18 U.S.C. § 3161. However, 18 U.S.C. § 3161(h)(1), "automatically excludes any period of delay resulting from other proceedings concerning the defendant including but not limited to eight specific types of delay that are set out in

subparagraphs (A)-(H)." *Bloate v. United States*, 130 S. Ct. 1345, 1360 (2010) [internal citation omitted]. At issue here is the "ends of justice" exclusion set forth in 18 U.S.C. § 3161(h)(7)(A). Under that exclusion, the Speedy Trial Act allows a court to set a trial date outside the seventy day deadline if it finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Yet, no such period of delay is excludable "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

In this pending Motion, Walker contends that his Speedy Trial Act rights were violated by the Court's reference to the wrong statutory provision justifying its "ends of justice" finding in the November 6, 2009 Order continuing the case to February 22, 2010. In particular, Walker argues the Court's reliance on 18 U.S.C. § 3161(h)(8), and not (h)(7)(A), is "significant and cannot be viewed as harmless." Def.'s Mot. to Dismiss and Mem. in Supp. 8. Based on this mistake, Walker maintains that the Court's Order was invalid and the speedy trial clock was not stopped, allowing the seventy day time period to expire before the January 5, 2010 continuance, in violation of the Speedy Trial Act.

In contrast, the United States argues that Walker's citation error argument is meritless. In particular, the United States asserts that the November 6, 2009 Order granting the continuance was based on a proper "ends of justice" finding, which was

precipitated by Walker's own motion for continuance. Furthermore, the United States contends that for "ends of justice" continuances, the Court need only make its findings "on the record by the time [it] rules on a defendant's motion to dismiss." *Zedner v. United States*, 547 U.S. 489, 507 (2006).

In determining whether the seventy day limit was reached, this Court must determine when the speedy trial clock started running, when it stopped running, and what parts of the elapsed time are excludable. It is undisputed that the speedy trial clock began when Walker made his initial appearance on October 21, 2009. Also agreed upon by the parties is that on November 6, 2009, based on Walker's motion to continue his case, the Court entered an Order continuing the case until February 22, 2010, pursuant to § 3161(h)(8).

Based on the record before this Court, Walker's argument that the original Indictment should be dismissed for an incorrect citation in its November 6, 2009 Order is flawed. First, the Court's November 6, 2009 Order clearly made, in writing, a finding that the "'ends of justice' served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial because the failure to grant such a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation given the complexity of this matter." Order Granting Mot. for Continuance (November 6, 2009). Furthermore, the citation to 18 U.S.C. § 3161(h)(8) was an obvious inadvertent reference to the preceding "ends of justice" provision, which

was amended a year earlier.[2] "The fact that [a] district judge initially identified the wrong exclusion" has been deemed largely irrelevant by the Fourth Circuit Court of Appeals. *United States v. Parker*, 30 F.3d 542, 547 n.3 (4th Cir. 1994). Moreover, Walker's continuance was granted at his own request, and most importantly, the Court made an appropriate written "ends of justice" finding in its November 6, 2009 Order. Accordingly, this Court finds that Walker's Speedy Trial rights were not violated. Therefore, the period from November 6, 2009 to February 22, 2010 is an excludable delay that does not count toward the seventy day limit.

B. <u>Discovery</u>

Federal Rule of Criminal Procedure 16(a)(1)(E) provides that the defendant, upon request, is entitled to certain documents if: "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). Rule 16(d)(2) further states "[i]f a party fails to comply with [Rule 16(a)(1)(E)], the court may: (A) order that party to permit the discovery or inspection . . . ; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

The decision whether to impose a sanction for a violation of Rule 16(a)(1)(E) rests

---

[2] In 2008, by Pub. L. No. 110-406, 122 Stat. 4294 (2008), the pertinent "ends of justice" exclusion section was moved to 18 U.S.C. § 3161(h)(7)(A). Walker made the same mistake in his Motion for Continuance Beyond the Speedy Trial Act Cut-Off Date, filed on February 9, 2010, by incorrectly relying on 18 U.S.C. § 3161(h)(8)(A) as the controlling statutory section.

8

with the district court's own discretion. *United States v. Hall*, 7 Fed. Appx. 301, 302-03 (4th Cir. 2001) (citing *United States v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997)). "In determining a suitable and effective sanction, a court must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government." *Hastings*, 126 F.3d at 317. However, "[w]hen a court sanctions the government in a criminal case for its failure to obey court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance." *Id.*

In his Motion, Walker argues that the United States failed to "promptly disclose" discovery to the defense in violation of Rule 16 and asks this Court to dismiss the Indictment. As a result, Walker states he has been prejudiced because the delay has thwarted his ability to investigate his case, forced him to seek continuances to prepare for trial, and lengthened his period of pre-trial home incarceration. In addition, Walker argues that the United States has violated the terms of the Agreed Discovery Order by not providing him access to the materials promised.[3]

The United States argues it has complied and exceeded its discovery obligations

---

[3] Walker asserts that on November 9, 2009, the United States provided him with approximately 400 pages of discovery pursuant to the Agreed Discovery Order. On November 20, 2009, the United States provided additional material that was obtained on November 2-3, 2009. Walker also claims that the United States provided additional discovery on March 29, 2010 pertaining to interviews conducted as far back as February 2009. Def.'s Mot. to Dismiss and Mem. in Supp. 10.

under both Rule 16 and the Agreed Discovery Order. First and foremost, the United States contends that Walker was not entitled under Rule 16 to the investigative reports he claims were not turned over, namely Federal Bureau of Investigation ("FBI") 302 reports. Instead, the United States insists that unless disclosures are mandated by *Brady*, *Giglio*, or *Jencks*, it is not required to produce such investigative reports. Moreover, the United States maintains they have not withheld any reports from the defense. Due to the location of witnesses and time needed to organize and compile the documents, the government has been diligent in its disclosures.

Despite Walker's claims of discovery violations by the government, this Court recognizes the complexity of this case, the multiple counts, and voluminous evidence. Based on the United States's explanation for its delay and finding no evidence of bad faith, the sole issue for this Court to decide is whether the delay had a prejudicial effect on Walker's defense. "Substantial prejudice exists when a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense, or if the mistake substantially influences the jury." *United States v. Jett*, 18 Fed. Appx. 224, 236 (4th Cir. 2001). This Court finds no persuasive evidence that Walker was prejudiced by the government's late disclosures. All discovery materials (1890 pages of documents) were received by Walker several months before trial, allowing ample time for preparation. The Motion to Dismiss on this ground is denied.

C. <u>Sixth Amendment</u>

Alternatively, Walker contends that his Sixth Amendment rights have been violated. The Sixth Amendment provides that "[in] all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. Amend. VI. In order to determine whether a pre-trial delay violates the Sixth Amendment's Speedy Trial guarantee, the Supreme Court of the United States identifies four factors which courts should assess in determining whether a particular defendant has been deprived of his right, which are the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "To prevail on their speedy trial claim, the Defendant[] [is] obliged, under *Barker*, to establish that on balance, [the] four separate factors weigh in his favor." *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) [internal citation omitted].

Walker requests dismissal of the Second Superseding Indictment because he has been deprived of his right to a speedy trial based on the *Barker* factors. It is conceded by both parties that ten months have passed since Walker's initial appearance. Walker admits, and the government agrees, that the reason for the delay is largely attributed to his own continuance motions. However, Walker insists the continuances were forced on him because of the United States's delay in providing timely discovery. Also, according to Walker, he has staunchly objected to the continuances even though requested by his attorney. In addition, Walker claims the delay has not only caused him to experience

11

significant anxiety and concern, as well as subject him to pretrial incarceration, but has also impeded his ability to prepare for trial by potentially resulting in the loss of witnesses, documents, and witness recollection.

The primary reason for the delays in this case, according to the United States, is Walker's decision to use a mental capacity defense and the need to have his competency to stand trial assessed. Moreover, the United States contends that Walker agreed or sought prior continuances to address the complexity of the case, and therefore the United States disputes any prejudice complained of by the Defendant.

"As the Supreme Court has explained, the first *Barker* factor involves two aspects." *Hall*, 551 F.3d at 271. "First of all, a reviewing court must decide whether the length of the delay triggers a speedy trial inquiry." *Id.* "In that respect, the Court has suggested that we should conduct a full inquiry when such a delay approaches one year." *Id.* "Second, a reviewing court must weigh the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* [internal citation omitted].

In this case, the length of delay from Walker's initial appearance on October 21, 2009 until the scheduled trial on August 23, 2010 has been more than ten months. As the United States concedes, this "delay approaches one year," thus justifying a further analysis of the *Barker* factors.

"The second *Barker* factor, the reasons for the trial delay, is necessarily related to a

proper assessment of the period of the delay." *Id.* at 272. "The reasons for a trial delay should be characterized as either valid, improper, or neutral." *Id.* "On this factor, a reviewing court must carefully examine several issues, specifically focusing on the intent of the prosecution." *Id.* "For example, a deliberate attempt by the prosecution to delay the trial of an accused would weigh heavily against the government, although a valid reason for delay, such as a missing witness may be justified." *Id.* [internal citation omitted].

For the second factor, the reasons for delay can mostly be attributed to Walker. On four separate occasions, the Court has allowed Walker to continue his trial date in order to give him more time to prepare for trial.[4] In addition, the extension of Walker's trial date by two months can be directly attributed to Walker's Rule 12.2(b) mental capacity defense.[5] Although the United States has superseded the Indictment twice, there is no evidence that this was an attempt to delay the trial. Under these circumstances, the reasons for delay are valid factors heavily favoring the United States.

"The third *Barker* factor is whether the Defendant[] made a timely assertion of [his] speedy trial rights." *Id.* "A defendant's assertion of his speedy trial right . . . is

---

[4] As referenced above, Walker filed Motions for Continuance on November 6, 2009, January 5, 2010 (joint motion), February 9, 2010, and May 14, 2010.

[5] Walker filed his Notice Under Federal Rule of Criminal Procedure 12.2(b) on March 8, 2010. Under Rule 12.2(c), "[i]f the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under the procedures ordered by the court." Fed. R. Crim. P. 12(c)(1)(B). The required competency evaluation was not completed until June 18, 2010.

13

entitled to strong evidentiary weight in determining whether [he] is being deprived of the right." *Id.* [internal citation omitted].

The first evidence of Walker asserting his speedy trial rights occurred on April 5, 2010, when the government requested a mental examination. Furthermore, Walker signed his May 14, 2010 Motion for Continuance under protest. Both these assertions, well in advance of trial, weigh in favor of the Defendant on the third factor.

"Finally, the fourth *Barker* factor—prejudice—weighs against the Defendant[] because [he has] failed to show the delay may have adversely impacted the defense." *Id.* "On this point, the Supreme Court has identified three defense interests for consideration: (1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired." *Id.* "Of the three defense interests identified in *Barker,* the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* at 273 [internal citation omitted].

Under the last factor, despite Walker's contention that he has been significantly prejudiced, this Court finds otherwise. For the past eight months, Walker has been subject to pretrial home incarceration. Walker argues that due to his sensitive mental health status and the impact the delay has had on his ability to investigate and prepare for his defense, his case has been prejudiced. However, irrespective of his mental condition, during this period he fails to identify "any restraint on liberty, disruption of employment,

strain on financial resources, [or] exposure to public obloquy that was greater than that faced by anyone openly subject to criminal investigation." *Id.* [internal citation omitted]. Likewise, Walker has not identified any specific evidence that he was impaired in his trial preparation by the delay. Beyond unparticularized generalizations, Walker fails to identify any witnesses that were unavailable as a result of the delay or whose recollection has been adversely affected. *Id.* He also fails to prove that any exculpatory evidence has been lost, and has failed to identify any evidence that was rendered unavailable by the delay. *Id.* Thus, this final factor weighs substantially in favor of the United States.

Therefore, having carefully applied the *Barker* factors to Walker's Sixth Amendment claim, this Court finds, on the whole, they do not weigh in favor of the defense and the Second Superseding Indictment will not be dismissed.

### D. Federal Rule of Criminal Procedure 48

Federal Rule of Criminal Procedure 48(b) states, " [t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing information against a defendant; or (3) bringing a defendant to trial." "This provision not only allows a court to dismiss an indictment on constitutional grounds . . . but it also restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude." *United States v. Goodson*, 204 F.3d 508, 513 (4th Cir. 2000). "A court may consider the same factors in deciding whether to dismiss [an Indictment] on the basis of rule 48(b) as it

considers in deciding whether the Sixth Amendment has been violated." *United States v. Carbarcas-A*, No. 91-5116, 1992 WL 158086, *3 (4th Cir. July 9, 1992).

In urging dismissal under Rule 48, Walker again relies on the government's continued delay in investigating and providing discovery. This claim is rejected for the reasons articulated in the previous sections. Aside from the *Barker* factors, Walker's Rule 48 claim still fails. Rule 48(b), as it pertains to this case, allows for dismissal for want of prosecution. There is no evidence from the record demonstrating the United States's unwillingness or inability to prosecute this case. Therefore, Walker's reliance on Fed. R. Crim. P. 48(b) fails.

### III. CONCLUSION

For these reasons, the Defendant's Motion to Dismiss the Indictment (Dk. No. 60) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 28, 2010
Richmond, Virginia

16